UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
|    CODY KHUU ) | Case No. 05-12552-SSM |
|    VAN THANG DUONG ) | Chapter 13 |
| ) | |
|         Debtors ) | |
| ) | |
| CODY KHUU, *et al.* ) | |
| ) | |
|         Plaintiffs ) | |
| ) | |
| vs. ) | Adversary Proceeding No. 05-1464 |
| ) | |
| BEEREN & BARRY INVESTMENTS, ) | |
| LLC, *et al.* ) | |
| ) | |
|         Defendants ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of defendants Beeren & Barry Investments, LLC ("Beeren & Barry") and Millennium Associates, LLC ("Millennium") to dismiss the complaint for lack of jurisdiction and for failure to state a claim for relief.

Background

This is an action by chapter 13 debtors to set aside a prepetition foreclosure sale at which Beeren & Barry and Millennium purchased the debtors' house. Cody Khuu and Van Thang Duong ("the debtors") filed a voluntary petition in this court on July 6, 2005, for an adjustment of their debts under chapter 13 of the Bankruptcy Code. Prior to the bankruptcy filing, they had owned a house at 15416 Duckling Place, Woodbridge, Virginia, that was

1

subject to a deed of trust in favor of World Savings Bank, FSB.[1] After they fell behind in payments, the property was advertised for a foreclosure sale that was conducted by defendant Commonwealth Trustees, LLC ("Commonwealth") on June 7, 2005. At the time of the sale, the property was assessed for real estate tax purposes at $518,300.00. Beeren & Barry and Millennium were the only bidders and jointly purchased the property for $364,100.00. The deed to them from Commonwealth is dated June 16, 2005. The chapter 13 petition was filed approximately three weeks later. The debtors' plan – which has not yet been confirmed – proposes to pay the chapter 13 trustee $185.00 per month for 36 months and estimates a dividend to unsecured creditors of 2 cents on the dollar.[2] The plan further states that the debtors will bring the present adversary proceeding to avoid the foreclosure sale and return the residence to the estate, and that if the house is returned to the estate "debtors intend to liquidate the house and apply the proceeds to the plan." The court has previously granted Beeren & Barry relief from the automatic stay to pursue a state court eviction action.[3]

---

[1] The Prince William County real estate assessment records reflect that the property is a single-family detached house and was purchased by the debtors in June 2003 for $469,040. The deed of trust – a copy of which is attached as an exhibit to the first amended complaint – recites that the original principal amount of the mortgage note was $328,300.

[2] On October 10, 2005, a modified plan was filed by debtor Van Thang Duong alone that proposed payments of $158.14 a month for 58 months and estimates a divident on unsecured claims of 100 cents on the dollar.

[3] As this court noted in the order granting relief from the automatic stay,

> [N]either a motion [*sic*] granting relief from the automatic stay nor a judgment in an unlawful detainer action has preclusive effect with respect to a subsequent avoidance action in bankruptcy court or a state court ejectment action. *See Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26 (1st Cir. 1994) (order granting relief from the automatic
> (continued...)

Discussion

I.

The original and first amended complaint are pleaded in three counts.  Count I alleges that the foreclosure sale was conducted in violation of the advertising requirements of § 55-59.2, Code of Virginia; Count II alleges that the Commonwealth violated its fiduciary duty as trustee by not more aggressively advertising the sale; and Count III alleges that the sale was voidable under § 548(a)(1)(B), Bankruptcy Code, as a constructively fraudulent conveyance.  Immediately prior to the hearing on the motion to dismiss, the debtors filed a second amended complaint that abandoned Count I, leaving only Counts II and III.  Beeren & Barry and Millennium are defendants only as to Count III.

II.

The motion to dismiss asserts both a lack of subject-matter jurisdiction and failure to state a claim for relief.  Since Count I – which was the primary focus of the jurisdictional argument – has now been withdrawn, and since Beeren & Barry and Millennium are not

---

[3](...continued)
    stay did not have preclusive effect on trustee's counterclaim to avoid a preference); Va. Code Ann. § 8.01-130 ("No judgment in an action brought [for unlawful detainer] shall bar any action of trespass or ejectment between the same parties, nor shall any such judgment or verdict be conclusive, in any such future action, of the facts therein found."); *Boswell v. Blue Ridge Bank (In re Boswell)*, 238 F.3d 410 (4th Cir. 2000) (unpublished table decision) (holding that bankruptcy court erred in action to set aside foreclosure sale in giving collateral estoppel effect to unlawful detainer judgment in bank's favor, since under Virginia law, unlawful detainer judgment is not an adjudication of title).

Hence, the ruling granting relief from the automatic stay has no preclusive effect on the present action.

defendants with respect to Count II,[4] the court need only consider its jurisdiction over Count III and whether Count III states a claim for relief.

A.

There can be no doubt that this court has subject-matter jurisdiction over proceedings to avoid prepetition transfers of a debtor's property. 28 U.S.C. §§ 1334 and 157(a). There is also no question that such an action is a core proceeding in which a final judgment or order may be entered by a bankruptcy judge. 28 U.S.C. § 157(b)(2)(H). The more difficult question is one of standing. Count III is brought under Section 548 of the Bankruptcy Code, which allows "the trustee" to avoid certain types of transfers. Although certain powers that would otherwise belong to the trustee are conferred on the debtor in a chapter 13 case, avoidance powers are not included among the powers so conferred. § 1303, Bankruptcy Code. As a result, most courts considering the issue have concluded that a chapter 13 debtor has no general standing to assert avoidance powers. *E.g., Stangel v. United States (In re Stangel),* 219 F.3d 498 (5th Cir. 2000); *In re Merrifield,* 214 B.R. 362 (B.A.P. 8th Cir. 1997); *Hollar v. United States,* 174 B.R. 198 (M.D.N.C. 1994). *But see, Freeman v. Eli Lilly Fed. Credit Union (In re Freeman),* 72 B.R. 850 (Bankr. E.D. Va. 1987) (finding that the legislative history of § 1303, Bankruptcy Code, suggests debtors had standing to employ avoidance powers of bona fide purchaser for value to defeat creditor's unperfected security interest in their property).

---

[4] Although the complaint is not a model of clarity, it appears that Count II seeks only an award of money damages against the trustee.

There are certain exceptions. If the trustee declines to pursue an avoidance action, a debtor may step into the trustee's shoes if (1) the debtor could have exempted the property had it not been transferred, (2) the transfer was not a voluntary transfer by the debtor, and (3) the debtor did not conceal the property. § 522(h), Bankruptcy Code. There is no dispute that the trustee has not attempted to avoid the transfer. Although the complaint does not specifically plead that the debtors could have exempted the property had it not been transferred, the court can take judicial notice of the availability under Virginia law of the homestead exemption that would allow husband and wife to exempt a total of $10,000 of the value of the property, § 34-4, Code of Virginia, as well as the common-law exemption (as to non-joint creditors only) for real estate held as tenants by the entirety (assuming that title was held in that form). *Vasilon v. Vasilon*, 192 Va. 735, 66 S.E.2d 599 (1951). Although the deed of trust itself was a voluntary conveyance, the foreclosure sale was a separate transfer and was clearly not voluntary. Additionally, there is no suggestion that the debtors concealed the property. Accordingly, the essential requirements for standing exist, and the motion to dismiss, to the extent it is grounded on lack of subject-matter jurisdiction or standing, will be denied.

B.

There remains the question of whether Count III states a claim upon which relief may be granted. Section 548 allows the trustee to avoid, among other kinds of transactions, any "transfer of an interest of the debtor in property" made within one year before the filing of the bankruptcy petition if the debtor voluntarily or involuntarily

> (B) (I) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

      (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

       (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

       (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

§ 548(a)(1)(B), Bankruptcy Code.  "Transfer" includes the foreclosure of a debtor's equity of redemption.  § 101(54), Bankruptcy Code.  "Reasonably equivalent value," however, does not necessarily mean fair market value.  *Cooper v. Ashley Communications, Inc. (In re Morris Communications NC, Inc.*, 914 F.2d 458, 466-67 (4th Cir. 1990).  In the specific context of foreclosure sales, the Supreme Court has held that the price obtained at regularly-conducted, non-collusive foreclosure sale is "reasonably equivalent value" for the purpose of Section 548.  *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994).

  Relevant to the foreclosure sale, the complaint alleges that the debtors, after falling into arrears on the mortgage but prior to being given notice of the sale, obtained a contract to sell the property for $530,000; that settlement was to occur on June 22, 2005; that the property was assessed for real estate tax purposes at $518,300; that the fair market value of the property was $600,000; that Beeren & Barry and Millennium were the only bidders at the sale; that the sale took place later than the advertised time; and that the price paid by Beeren & Barry and Millennium was only 60% of the fair market value.  The complaint

does not specifically plead that the debtors were insolvent at the time of the foreclosure sale or became insolvent because of it.

The Supreme Court has held that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). As the Court has further explained,

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test[.]

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Additionally, the plaintiff is not required to plead evidence sufficient to establish a prima facie case in order to survive a motion to dismiss but under Rule 8(a) of the Federal Rules of Civil Procedure – which is made applicable to adversary proceedings by Rule 7008 of the Federal Rules of Bankruptcy Procedure –  need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema NA*, 534 U.S. 506, 512 (2002); *see also Chao v Rivendell Woods, Inc.,* 415 F.3d 342 (4th Cir. 2005). Under this relaxed standard, unmeritorious claims and attempts at surprise are eliminated not by motions to dismiss, but through liberal discovery rules and summary judgment motions. *Swierkiewicz*, 534 U.S. at 512-13.

C.

Beeren & Barry and Millennium assert, however, that at bottom the debtors have not alleged anything except that the sales price was approximately 60% below fair market value, and that under the Supreme Court's decision in *BFP* a properly-conducted foreclosure sale cannot be set aside under Section 548 for alleged inadequacy of the sales price, since the price received at a regularly-conducted, non-collusive foreclosure sale constitutes "reasonably equivalent value" within the meaning of Section 548(a)(1)(B)(I).  If, indeed, a below-market sales price were the only allegation made by the debtors, the court would have to agree that the complaint failed to state a claim for relief under Section 548.  However, the complaint alleges more than simply a low sales price.  It alleges also, for example, that the foreclosure trustee did not exercise its authority under the deed of trust to give additional advertising beyond the bare minimum required by the deed of trust; that there was only a single bidder; and that the sale did not start at the scheduled time.  It is well-settled that on a motion to dismiss for failure to state a claim for relief, "the allegations of the complaint should be construed favorably to the pleader." *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686.  While it may be something of a stretch, there is at least a possibility that other persons who might have bid may have departed if it appeared that the sale was not going forward because the foreclosure trustee was not present on the courthouse steps at the advertised time.  Whether that actually occurred or is even likely is not a matter to be resolved on a Rule 12(b)(6) motion to dismiss for failure to state a claim for relief but either on a properly-supported motion for summary judgment or at trial.  Accordingly, the motion to dismiss will be denied.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1.  The motion of defendants Beeren & Barry and Millennium to dismiss the complaint for lack of jurisdiction and failure to state a claim for relief is denied.

2.  The clerk shall mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                                              Stephen S. Mitchell
Alexandria, Virginia                                    United States Bankruptcy Judge

Copies to:

Edward Gonzalez, Esquire
Law Office of Edward Gonzalez, P.C.
7921 Jones Branch Dr., Suite 530
McLean, VA 22102
Counsel for the plaintiffs

Chris Beatley, Esquire
221 South Fayette Street
P.O. Box 123
Alexandria, VA 22313
Counsel for defendants Beeren & Barry Investments, LLC
  and Millennium Associates, LLC

Diane Rosenberg, Esquire
Rosenberg & Associates, LLC
7910 Woodmont Avenue, Suite 750
Bethesda, MD 20814
Counsel for defendant Commonwealth Trustees, LLC

George Ragland, Esquire
Ragland and Slugg, PC
609 Park Avenue
Falls Church, VA 22046
Co-counsel for defendant Commonwealth Trustees, LLC

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA 22314
Chapter 13 trustee